**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

Case No.  04-36281

FREDRICK ALAN PATTERSON
TERRY RUTH PATTERSON
a/k/a TERRY RUTH LEE

                    Debtors

                  MAURICE K. GUINN, TRUSTEE

                    Plaintiff

           v.

Adv. Proc. No. 05-3092

IRWIN MORTGAGE CORPORATION

                    Defendant

**MEMORANDUM ON MOTION TO
<u>SET ASIDE DEFAULT JUDGMENT</u>**

**APPEARANCES:**    GENTRY, TIPTON & McLEMORE, P.C.
                Tyler C. Huskey, Esq.
                Post Office Box 1990
                Knoxville, Tennessee 37901
                Attorneys for Plaintiff

                HODGES, DOUGHTY & CARSON, PLLC
                Keith L. Edmiston, Esq.
                Post Office Box 869
                Knoxville, Tennessee  37901
                Attorneys for Defendant

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

The Complaint commencing this adversary proceeding was filed by the Chapter 7

Trustee, Maurice K. Guinn, on April 19, 2005, seeking to avoid the Defendant's lien upon

the Debtors' residence pursuant to 11 U.S.C.A. § 547 (West 2004).  Additionally, the

Plaintiff sought to recover the property or its value for the benefit of the bankruptcy estate

pursuant to 11 U.S.C.A. § 550 (West 2004).[1]  The Defendant did not file an answer or

otherwise respond to the Complaint, and a Default Judgment was entered against it on

July 20, 2005.

Now before the court is the Motion to Set Aside Default Judgment (Motion) filed by

the Defendant on August 4, 2005, asking the court to set aside the Default Judgment on the

basis that it did not receive a copy of the Complaint and Summons, that it has a meritorious

defense to the Complaint, and that because it took immediate action to have the Default

Judgment set aside, no party would be unduly prejudiced.  In support of the Motion, the

Defendant filed two exhibits, a printout from the Tennessee Secretary of State's website and

the Affidavit of Stephen Broviak, Assistant Vice President for the Defendant, together with

its Memorandum in Support of Motion to Set Aside Default Judgment.  The Defendant

subsequently filed a Supplemental Memorandum in Support of Motion to Set Aside Default

---

[1] Section 550 concerns recovery of property from a transferee for the benefit of the bankruptcy estate.
*See* 11 U.S.C.A. § 550(a).  In the context of lien avoidance, the relevant statute is § 551, which provides that
"[a]ny transfer avoided under section . . . 547 . . . of this title . . . is preserved for the benefit of the estate but
only with respect to property of the estate."  11 U.S.C.A. § 551 (West 2004); *see also Henden v. G.E. Capital
Mortgage Servs. (In re Carpenter)*, 266 B.R. 671, 676 (Bankr. E.D. Tenn. 2001) ("Avoidance and recovery are
recognized in the Sixth Circuit as two distinct remedies. . . . [T]he Plaintiff may avoid the Defendant's security
interest under § 544(a).  Once that occurs, the interest is preserved for the estate's benefit . . . by § 551 . . . .
These events are meaningful in and of themselves and necessitate no additional 'recovery' by the Plaintiff.").
Section 550, therefor, has no application to the Plaintiff's lien avoidance action in this adversary proceeding.

2

Judgment on August 17, 2005, to which it appended another affidavit, the Affidavit of
Keith L. Edmiston, its attorney.

The Plaintiff filed his Response of Maurice K. Guinn, Trustee, to Defendant Irwin
Mortgage Corporation's Motion to Set Aside Default Judgment on August 22, 2005, arguing
that the Defendant has not established, under Sixth Circuit authority, reasonable grounds
for setting aside the Default Judgment.  The Plaintiff also filed the Affidavit of his attorney,
Tyler C. Huskey, in support of his opposition to the Motion, which referenced as an exhibit
a letter from the Plaintiff to the Defendant dated March 4, 2005.  The court held a hearing
on the Motion on August 25, 2005, and, after hearing arguments from both parties, the
matter was taken under advisement.

This is a core proceeding.  28 U.S.C.A. § 157(b)(2)(A), (F), (O) (West 1993).

# I

On November 9, 2004, the Debtors refinanced the mortgage on their residence,
located at 209 Basilfield Drive, Knoxville, Knox County, Tennessee (Residence), with a
$140,445.00 loan from the Defendant.[2]  To secure the note, the Debtors, on the same date,
executed a Deed of Trust in favor of the Defendant, pledging the Residence as collateral.
The Deed of Trust was recorded with the Register of Deeds for Knox County, Tennessee,
fourteen days later on November 23, 2004.

---

[2] The mortgage was originally held by Countrywide Home Loans, Inc.

3

The Debtors filed the Voluntary Petition commencing their Chapter 7 bankruptcy case on December 1, 2004, and the Plaintiff was thereafter appointed trustee. On April 19, 2005, the Plaintiff filed the Complaint commencing this adversary proceeding. A Summons was issued by the Clerk and delivered to the Plaintiff for service on the Defendant. On April 20, 2005, the Plaintiff filed the Certificate of Service establishing that the Defendant was served with the Complaint and Summons on April 19, 2005, by "Regular, first class United States mail, postage fully pre-paid addressed to: Irwin Mortgage Corporation, c/o CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710." CT Corporation System is the Defendant's registered agent in Tennessee for service of process.

The Defendant did not file an answer to the Complaint or otherwise enter an appearance, and the Plaintiff, on June 9, 2005, filed the Motion of Maurice K. Guinn, Trustee, for Default Judgment (Motion for Default Judgment), along with a supporting Memorandum. A Certificate of Service accompanied the Motion for Default Judgment and Memorandum, evidencing that copies were served upon the Defendant, again "c/o CT Corporation System, Registered Agent, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710."[3] The Clerk issued a Notice of Hearing on June 21, 2005, scheduling a hearing on the Motion for Default Judgment for July 7, 2005, on which date, the court granted the

---

[3] Service of the Motion for Default Judgment and Memorandum on the Defendant was gratuitous because Rule 55 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure, requires only "that the party entitled to a judgment by default shall apply to the court therefor" but that notice of the application for judgment is not required to be served on the other party unless the party has "appeared in the action." FED. R. CIV. P. 55(b)(2).

Motion for Default Judgment.[4]  Thereafter, on July 20, 2005, the court entered a Default

Judgment directing that "[t]he Deed of Trust in favor of Irwin Mortgage Corporation, a copy

of which is attached as Exhibit A to the Complaint, is avoided, pursuant to 11 U.S.C. § 547,

and the trustee is entitled to recover the $150.00 filing fee from Irwin Mortgage

Corporation."   On July 22, 2005, the Defendant was served with a copy of the Default

Judgment in the identical manner in which it was served with the Summons, Complaint,

and Motion for Default Judgment.

On August 4, 2005, the Defendant filed the present Motion, stating that its registered

agent, C.T. Corporation System, had moved its offices, and thus, it had not received a copy

of the Complaint and Summons in this adversary proceeding.  In support of its Motion, the

Defendant filed the results of a Business Information Search on the Tennessee Secretary of

State's website, evidencing that the Defendant is authorized to conduct business in the

State, and listing its Registered Agent as "C T Corporation System, 800 S. Gay Street, Suite

2021, Knoxville, TN 379299710."  The Defendant also filed Mr. Broviak's Affidavit, in which

he stated that "[a]pparently Irwin Mortgage Corporation's registered agent for service of

process, C.T. Corporation System, changed addresses.  This fact was not known to Irwin

Mortgage Corporation."  BROVIAK AFF. ¶ 6; *see also* EDMISTON AFF. ¶¶ 3-6.

The Defendant retracted this argument, however, acknowledging through the

Affidavit of Keith L. Edmiston, that C.T. Corporation System is, in fact, still located at the

---

[4] It does not appear that the Notice of Hearing was served on the Defendant.

5

same address as listed with the Secretary of State, but maintaining that it did not have a copy of the Complaint and Summons in its files or records.  EDMISTON AFF. ¶ 7. Nevertheless, the Defendant argues that the court should set aside the Default Judgment because the Defendant has a meritorious defense to the Plaintiff's claims, that its failure to respond was based upon excusable neglect or mere negligence, and that the Plaintiff will not be prejudiced by setting aside the Default Judgment.  Essentially, the Defendant contends that because it does not have a copy of the Complaint and Summons in its records and/or files, its failure to file an answer or defend the adversary proceeding was due to excusable neglect or inadvertence.

## II

The Default Judgment was entered pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and may be set aside "[f]or good cause shown . . . in accordance with Rule 60(b)."  FED. R. CIV. P. 55(c) (applicable in adversary proceedings through FED. R. BANKR. P. 7055); *see also Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992) ("When a defendant seeks relief from a default that has been entered by the clerk upon a plaintiff's request, the . . . court enjoys considerable latitude under the 'good cause shown' standard.  But once the court has determined damages and a judgment has been entered, the . . . court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation.").

Rule 60(b) provides in material part, that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect[.]" FED. R. CIV. P. 60(b) (made applicable in bankruptcy proceedings by virtue of FED. R. BANKR. P. 9024).[5]   The party requesting Rule 60(b) relief bears the burden of establishing all prerequisites associated therewith.  *McCurry v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002).  Additionally, the Sixth Circuit has directed that "Rule 60(b)(1) should be applied 'equitably and liberally . . . to achieve substantial justice.'"  *Williams v. Meyer*, 346 F.3d 607, 612-13 (6th Cir. 2003) (quoting *United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1983)).  "Where default results from an honest mistake 'rather than willful misconduct, carelessness or negligence' there is especial need to apply Rule 60(b) liberally."  *United Coin Meter*, 705 F.2d at 845 (quoting *Ellingsworth v. Chrysler*, 665 F.2d 180, 185 (7th Cir. 1981)).  When making a determination whether relief under Rule 60(b)(1) is warranted, the court should look to the following three factors:  "(1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense."  *Williams*, 346 F.3d at 613; *Tullock v. Hardy (In re Hardy)*, 187 B.R. 604, 608 (Bankr. E.D. Tenn. 1995).

---

[5] A judgment may also be set aside if it is void.  FED. R. CIV. P. 60(b)(4).  Improper service of process renders a judgment obtained thereby void.  *See Ruehle v. Educ. Credit Mgmt. Corp. (In re Ruehle)*, 307 B.R. 28, 33 (B.A.P. 6th Cir. 2003).  However, the Defendant has properly abandoned its claim that the Complaint must have been sent to an incorrect address, so this defense is not applicable.

Still, "a party seeking to vacate a default judgment under Rule 60(b)(1) must demonstrate first and foremost that the default did not result from [its] culpable conduct. . . . Only if the moving party makes this showing may the . . . court proceed to consider the other . . . factors." *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002); *see also Waifersong*, 976 F.2d at 292 (holding that a lack of culpability requires demonstrating "mistake, inadvertence, surprise, or excusable neglect"). "A party's conduct is culpable if it 'displays either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.'" *Williams*, 346 F.3d at 613 (quoting *Amernational Indus. v. Action-Tungsram, Inc.*, 925 F.2d 970, 978 (6th Cir. 1991) (citations omitted)).

## A

The first issue is whether the Defendant has established that its failure to defend the Plaintiff's lawsuit was the result of excusable neglect. The Supreme Court has held that the inquiry into whether to apply excusable neglect is an equitable one, and when discerning whether to do so, the court must apply the following determinative factors:  (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay and whether it was in the moving party's reasonable control; and (4) the moving party's good faith.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd.*, 113 S. Ct. 1489, 1498 (1993).  Although the *Pioneer* case focused on an application of excusable neglect in the context of Federal Rule of Bankruptcy Procedure 9006, analysis of these factors is also proper in cases involving Rule 60(b) of the

8

Federal Rules of Civil Procedure.  *See Vaughan v. Mortgage Lenders Network (In re Bradbury)*, 310 B.R. 313, 317-18 (Bankr. N.D. Ohio 2003), *aff'd Vaughan v. Mortgage Lenders Network (In re Bradbury)*, No. 03-8070 (B.A.P. 6th Cir. Apr. 14, 2004).

There is no dispute that, upon learning the Default Judgment had been entered, the Defendant acted quickly by filing the Motion within fifteen days.  Additionally, there has been no showing that granting the Motion will negatively impact the court or the Plaintiff.  In fact, at the hearing on the Motion, the Defendant's counsel stated that the Defendant would be willing to pay the Plaintiff's attorney's fees incurred in defending the Motion, thus reducing any negative financial impact upon the bankruptcy estate.  Granted, the estate would bear the costs of proceeding to trial; however, anytime an adversary proceeding is commenced, such is the case.  Furthermore, the type of prejudice contemplated is established by showing that "the delay [in taking the case to trial on the merits] will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion."  *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990).  Instead, "the issues presented in this [adversary] proceeding are primarily (if not exclusively) issues of law, as all or substantially all of the pertinent facts may be established by documentary evidence (if not by stipulation)."  *Palmer v. Key Bank USA (In re Conley)*, 318 B.R. 812, 816 (Bankr. E.D. Ky. 2004).  Therefore, the determinative factors with respect to excusable neglect are the Defendant's reason for not defending the lawsuit, whether it was in the Defendant's reasonable control, and the Defendant's good faith.

The Federal Rules of Bankruptcy Procedure authorize service of process via United States Mail, first class, postage prepaid, "[u]pon a domestic or foreign corporation . . . by mailing a copy of the summons and complaint . . . to any . . . agent authorized by appointment . . . to receive service of process[,]" FED. R. BANKR. P. 7004(b)(3), and "[s]ervice of process and service of any paper other than process or of notice by mail is complete on mailing." FED. R. BANKR. P. 9006(e). Additionally, "[t]here is a presumption that an addressee receives a properly mailed item when the sender presents proof that the item was properly addressed, stamped, and sent through the United States mail." *In re Chess*, 268 B.R. 150, 156 (Bankr. W.D. Tenn. 2001). Nevertheless, testimony of non-receipt may rebut this presumption. *Bratton v. Yoder Co. (In re Yoder)*, 758 F.2d 1114, 1118 (6th Cir. 1985) (finding that the presumption was rebutted because the creditor was not on the mailing matrix, nor were other similarly situated creditors).

In his Affidavit, Mr. Huskey states that the Complaint and Summons served upon the Defendant in care of C.T. Corporation System via United States Mail on April 19, 2005, were not returned to his office by the United States Postal Service. HUSKEY AFF. ¶ 3. Additionally, the Motion for Default Judgment, served on June 9, 2005, by Mr. Huskey upon the Defendant in care of its registered agent, C.T. Corporation System, was not returned to his office by the United States Postal Service. HUSKEY AFF. ¶ 4.

As for the Defendant's rebuttal of non-receipt, Mr. Broviak makes the following statement in his Affidavit:

10

> 4. The books and records of Irwin Mortgage Corporation and specifically the
> books and records related to the account of the above-referenced debtors
> reflect that Irwin Mortgage Corporation has never received a copy of the
> complaint and summons instituting this adversary proceeding.

BROVIAK AFF. ¶ 4.   It was, however, acknowledged by the Defendant's counsel that the

Defendant did receive the Default Judgment, which was also served upon it via United

States Mail, in care of its registered agent, C.T. Corporation System, at 800 S. Gay Street,

Suite 2021, Knoxville, Tennessee 37929-9710.

This one statement by Mr. Broviak is not sufficient to rebut the presumption that the

Defendant, through its registered agent, C.T. Corporation System, received the Complaint

and Summons.  *Schilling v. O'Bryan (In re O'Bryan)*, 246 B.R. 271, 277 (Bankr. W.D. Ky.

1999) ("To allow a simple denial of receipt, standing alone, to rebut the presumption would

be to destroy the presumption entirely.").   The Defendant appointed C.T. Corporation

System to act as its registered agent for service of process, and the Plaintiff followed the

proper procedure in serving the Defendant through its appointed agent.   The Defendant did

not present any proof that C.T. Corporation System did not receive the Complaint and

Summons.[6]

In a March 4, 2005 letter to the Defendant, which was mailed directly to the

Defendant's Indianapolis, Indiana address, Mr. Huskey notified that Defendant that the

Plaintiff believed a preferential transfer had occurred, and that unless the Defendant

---

[6] In fact, the argument that the Defendant rather than its registered agent "has never received a copy
of the complaint and summons" is misplaced.  When its registered agent was served, the Defendant was served.
Any alleged breakdown in communication between the Defendant and C.T. Corporation System is a matter
between those parties, and has nothing to do with the Plaintiff or the validity of his service of process.

contacted Mr. Huskey prior to March 25, 2005, "the trustee expects me to file a complaint to enforce his rights in the Property." HUSKEY AFF. EX. A.  When the Defendant did not respond to this letter, the Plaintiff filed his Complaint.  The Defendant did not answer or otherwise respond to the Complaint, and the Plaintiff filed his Motion for Default Judgment.  Although he was not required to by Federal Rule of Civil Procedure 55(b)(2) to serve the Motion for Default Judgment upon the Defendant, the Plaintiff mailed a copy to the Defendant in care of C.T. Corporation System.[7]

It was not until the Defendant received the Default Judgment that it took any action.  Once again, however, the Default Judgment was served upon the Defendant through its registered agent, C.T. Corporation System.  The Defendant offered no evidence to explain why it received the Default Judgment from C.T. Corporation System but contends that it did not receive the Complaint and Summons or the Motion for Default Judgment, when all of the documents were served on it at the same address.  Even if the Defendant did not intentionally disregard the prior communications in this adversary proceeding, the fact that it might have problems with its registered agent for service of process does not "satisfactorily explain how the Defendant's conduct fails to constitute a reckless disregard for the judicial process." *Bradbury*, 310 B.R. at 318.

Without more, the Defendant has not established that its failure to respond to the Complaint was due to excusable neglect, and the court is not required to examine the

---

[7] *See supra* n.3.

remaining issues concerning meritorious defense and prejudice. Nevertheless, given the Sixth Circuit's liberal stance with respect to Rule 60(b), and its preference for trying matters on their merits, *see United Coin Meter*, 705 F.2d at 846, the court will further affirm its determination not to grant the Motion because the Defendant does not have a meritorious defense.

**B**

"'In determining whether a defaulted defendant has a meritorious defense, 'likelihood of success is not the measure' . . . rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced[.]' . . . [Instead, t]he key consideration is 'to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Conley*, 318 B.R. at 816 (quoting *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398-99 (6th Cir. 1987) (internal citations omitted)).

The Plaintiff has asserted that the Defendant's recording of the Deed of Trust constitutes an avoidable preference. 11 U.S.C.A. § 547(b) allows Chapter 7 trustees to avoid certain "preferential" transfers made by debtors to creditors if all of the following requirements are satisfied:

> (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
>
>> (1) to or for the benefit of a creditor;

13

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

> (A) on or within 90 days before the date of the filing of the petition; or
>
> (B) between ninety days and one year before the date of the filing of the petition, if the creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

> (A) the case were a case under chapter 7 of this title;
>
> (B) the transfer had not been made; and
>
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C.A. § 547(b); *see also Luper v. Columbia Gas of Ohio, Inc. (In re Carled, Inc.)*, 91 F.3d 811, 813 (6th Cir. 1996) (quoting *Union Bank v. Wolas*, 112 S. Ct. 527, 529-30 (1991)).

Subsection (c) provides the statutory defenses to a preference, stating, as material to this case that:

(c) The trustee may not avoid under this section a transfer—

> (1) to the extent that such transfer was—
>
> > (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
> >
> > (B) in fact a substantially contemporaneous exchange[.]

14

11 U.S.C.A. § 547(c).  This defense is subject to the provisions of subsection (e), which

provides, in pertinent part:

> (e)(1)  For the purposes of this section—
>
>> (A) a transfer of real property . . . is perfected when a bona fide
>> purchaser of such property from the debtor against whom applicable
>> law permits such transfer to be perfected cannot acquire an interest
>> that is superior to the interest of the transferee[.]
>
> (2)  For the purposes of this section, except as provided in paragraph (3) of
> this subsection,[8] a transfer is made—
>
>> (A) at the time such transfer takes effect between the transferor and
>> the transferee, if such transfer is perfected at, or within 10 days after,
>> such time; [or]
>
>> (B) at the time such transfer is perfected, if such transfer is perfected
>> after such 10 days[.]

11 U.S.C.A. § 547(e).  "Section 547(e)(2)(B) explicitly provides that a security interest

perfected more than 10 days after its creation does not relate back and is deemed to have

occurred on the date of perfection.  The applicability of section 547(c)(1) to delayed

perfection of security interests is thus limited to 10 days."  *Ray v. Sec. Mut. Fin. Corp. (In re
Arnett)*, 731 F.2d 358, 364 (6th Cir. 1984); *see also Hildebrand v. Res. Bancshares Mortgage
Group (In re Cohee)*, 178 B.R. 154, 157 (Bankr. M.D. Tenn. 1995) ("If the transfer falls

within the 10-day 'safe harbor' it is not avoidable, both because [it] is not on account of an

antecedent debt, . . . and because it is a substantially contemporaneous exchange[.]").

---

[8] Section 547(c)(3) excepts purchase money security interests from the preference avoidance provisions
of § 547(b) so long as the security interest is perfected within 20 days after the debtor receives possession. *See*
11 U.S.C.A. § 547(c)(3); *Conley*, 318 B.R. at 816-17 ("[T]he 20-day 'grace period' prescribed by § 547(c)(3)
of the Bankruptcy Code . . . applies only to loans made to enable the debtor to acquire the collateral.")
(footnote omitted). It is undisputed in this adversary proceeding that the Debtors refinanced their mortgage
with the Defendant, thus § 547(c)(3) has no application. *See* BROVIAK AFF. ¶ 7.

The basis of the Defendant's lien is a refinance of the Debtors' mortgage, which was recorded within 90 days of the bankruptcy filing for the benefit of the Defendant and which put the Defendant in a better position than it would have been otherwise. The remaining preference question is whether the transfer was made on account of an antecedent debt, or whether it was a substantially contemporaneous exchange. Simply put, to utilize § 547(c)'s statutory defense, the Defendant must establish that its lien was perfected within ten days from the date upon which the security interest was granted. *See, e.g., Scaffidi v. Kenosha City Credit Union (In re Moeri)*, 300 B.R. 326, 329 (Bankr. E.D. Wis. 2003) (stating that § 547(e)(2) applies to refinanced loans). This, however, it cannot do, because the Deed of Trust was not recorded until fourteen days after the transfer occurred. Because "[a]n untimely perfected security interest . . . constitutes a [preference,]" *Conley*, 318 B.R. at 817, the Defendant cannot present a meritorious statutory defense.

The Defendant has also asserted that given the opportunity, it can assert the defense of equitable subrogation. Tennessee courts define subrogation as "the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt." *Bankers Trust Co. v. Collins*, 124 S.W.3d 576, 579 (Tenn. Ct. App. 2003) (quoting *Blankenship v. Estate of Bain*, 5 S.W.3d 547, 650 (Tenn. 1999)). "A right of subrogation may arise by contract ('conventional subrogation'), by application of equitable principles of law ('legal subrogation'), or by application of statute ('statutory subrogation')." *Blankenship*, 5 S.W.3d at 650. "Equitable subrogation is a 'legal fiction through which a person who pays a debt for which another is

16

primarily responsible is substituted or subrogated to all the rights and remedies of the other.'" *Fed. Ins. Co. v. Hartford Steam Boiler Inspection & Ins. Co.*, 415 F.3d 487, 494 (6th Cir. 2005) (quoting *Superior Bank, FSB v. Boyd (In re Lewis)*, 398 F.3d 735, 747 (6th Cir. 2005)).

There is no statutory basis for applying equitable subrogation in the context of a preference action, so the court must presume that the Defendant would ask the court to do so through 11 U.S.C.A. § 105(a), which defines the court's equitable powers as follows:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C.A. § 105(a) (West 2004). Section 105 provides bankruptcy courts with the ability and "power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." *Casse v. Key Bank Nat'l Ass'n (In re Casse)*, 198 F.3d 327, 336 (2d Cir. 1999) (quoting 2 COLLIER ON BANKRUPTCY ¶ 105-5 to -7 (Lawrence P. King ed., 15th ed. 1999)). Nevertheless, "§ 105(a) is not without limits, may not be used to circumvent the Bankruptcy Code, and does not create a private cause of action unless it is invoked in connection with another section of the Bankruptcy Code." *In re Rose*, 314 B.R. 663, 681 n.11 (Bankr. E.D. Tenn. 2004) (citations omitted).

> The Court's powers under this section are broad but not unlimited. "While the equitable powers emanating from § 105(a) are quite important in the general bankruptcy scheme, and while such powers may encourage courts to be innovative, and even original, these equitable powers are not a license for

17

a court to disregard the clear language and meaning of the bankruptcy
statutes and rules."

*Viking Assocs., LLC v. Drewes (In re Olsen)*, 120 F.3d 98, 102 (8th Cir. 1997) (quoting *Official Comm. of Equity Sec. Holders v. Mabey*, 832 F.2d 299, 302 (4th Cir. 1987)).  Instead, the court may only use § 105 "in furtherance of the goals of the [Bankruptcy] Code." *Childress v. Middleton Arms, L.P. (In re Middleton Arms, L.P.)*, 934 F.2d 723, 725 (6th Cir. 1991).

The court believes that an application of equitable subrogation in connection with a preferential avoidance action does not further the goals of the Bankruptcy Code, and in fact, directly circumvents Congressional intent that the exclusive meritorious defenses to a § 547(b) preference action are set forth in § 547(c).  "Although threshold challenges on issues such as lack of in personam jurisdiction, service of process, standing, and the like, can be raised by preference defendants, [they] are not defenses on the merits of the subject transfers involved in preference litigation." *Raleigh v. Mid. Am. Nat'l Bank & Trust Co. (In re Stoecker)*, 131 B.R. 979, 983 (Bankr. N.D. Ill. 1991); *see also Kmart Corp. v. Uniden Am. Corp. (In re Kmart)*, 318 B.R. 409, 415 (Bankr. N.D. Ill. 2004) ("This court adopts the reasoning of *Stoecker* and concludes that the only defenses to the substance and merits of a preference action available to a defendant are those enumerated in the Code."); *In re Pulaski Highway Express, Inc. v. Cent. States S.E. & S.W. Areas Health & Welfare & Pension Funds (In re Pulaski Highway Express, Inc.)*, 41 B.R. 305, 310 n.9 (Bankr. M.D. Tenn. 1984) ("The enumerated exceptions to the recovery of preferences outlined in § 547(c) are exclusive and a bankruptcy court is without authority to judicially create additional

exceptions.").  The basic rationale is that "[u]nder the rules of statutory construction, when Congress enumerates exceptions to a general prohibition, additional exceptions are not to be implied, absent a contrary legislative intent."  *Stoecker*, 131 B.R. at 984 (citing *Andrus v. Gover Constr. Co.*, 100 S. Ct. 1905, 1910 (1980)).

"Threshold defenses are those defenses that would bar recovery, before even opening the door to consider the substantive nature of the claim[,]" such as lack of personal jurisdiction, standing, or service of process.  *Kmart Corp.*, 318 B.R. at 415.  Based upon this basic principle, courts have determined that defenses such as lack of good faith, unclean hands, fraud, recoupment, negligence, and recklessness fall outside the scope of consideration with respect to § 547(b).  *See, e.g., McGuane v. Everest Trading, LLC (In re McGuane)*, 305 B.R. 695, 704 & n.8 (Bankr. N.D. Ill. 2004) (unclean hands and fraud); *Stoecker*, 131 B.R. at 983 (recoupment); *Sterling Die Casting Co., Inc. v. Local 365 UAW Welfare & Pension Fund (In re Sterling Die Casting Co.)*, 118 B.R. 205, 207 (Bankr. E.D.N.Y. 1990) (lack of good faith and recoupment under ERISA); *McColley v. M. Fabrikant & Sons, Inc. (In re Candor Diamond Corp.)*, 26 B.R. 850, (Bankr. S.D.N.Y. 1983) (negligence and recklessness).

The court agrees and finds that "the doctrine of equitable subrogation is not applicable in a bankruptcy case, when to apply it would directly circumvent the result intended by the Code."  *Boyd v. Superior Bank FSB (In re Lewis)*, 270 B.R. 215, 218 (Bankr. W.D. Mich. 2001) (expressly discussing the issue in the context of § 547(b)), *aff'd*, 398 F.3d

19

735, 747 (6th Cir. 2005); *see also Moeri*, 300 B.R. at 330 ("The court is unaware of any authority to support the defendant's attempt, absent an assignment, to rely upon Chrysler's lien . . . after Chrysler had been fully paid; to permit that result would render § 547(e)(2) meaningless."); *Sheehan v. Valley Nat'l Bank (In re Shreves)*, 272 B.R. 614, 622-23 (Bankr. N.D. W. Va. 2001) (finding that perfection of a lien within the preference period was avoidable by the trustee, that equitable subrogation did not release a creditor of its statutory duty to perfect a lien, and application of equitable subrogation would be inconsistent with and circumvent the Bankruptcy Code); *Rouse v. Chase Manhattan Bank, U.S.A. (In re Brown)*, 226 B.R. 39, 45 (Bankr. W.D. Mo. 1998) (deducing that although state law governs questions of property rights, "there are specific Code sections that govern the priority of perfected and unperfected creditors[,]" and applying equitable subrogation in defense of the trustee's preference action "would directly circumvent the result intended by the Code."). "Congress quite specifically intended a trustee's power to avoid pre-petition preferences to prevail over any state rules permitting relation back." *Fid. Fin. Servs. v. Fink*, 118 S. Ct. 651, 654 (1998).  Therefore, equitable subrogation is not a meritorious defense to the Plaintiff's Complaint.

### III

In summary, because the court has found that the Defendant did not provide sufficient evidence to prove that its failure to defend this adversary proceeding was the result of excusable neglect, and in any event, because the Defendant does not have a

meritorious defense that would be contrary to the Default Judgment obtained against it, the

Defendant's Motion shall be denied.

An order consistent with this Memorandum will be entered.

FILED:  September 8, 2005

BY THE COURT

/s/  *RICHARD STAIR, JR.*

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE